State vs. Hale.

---

## STATE vs. HALE.

1. Under an indictment for practicing medicine without license, in violation of the act "to sustain the credit of the State," passed 16th February, 1847, though the defendant, to constitute guilt, must have practiced for compensation and reward, the State was not required to prove the actual receipt of such compensation.

M. FRISSELL, for appellants.

The act of 1847, see page 124, section 7, declares "that every person or co-partnership of

persons in this State, who shall follow the practice of medicine for a livelihood in whole or in part, shall be a physician.

The first count in the indictment charges, that Stephen F. Hale did practice medicine as a business, but fails to charge, that he followed the practice for a livelihood, either in whole or in part.

The second count charges, that without first obtaining a license to follow the profession of a physician, according to law, he did then and there give and administer medicine to divers persons, &c., and in so doing, he, the said Stephen F. Hale, did, as a physician, follow the practice of medicine for a livelihood, in part, at least, without obtaining a license to follow such his profession of physician.

In this second count, an inference is drawn, without laying down sufficient premises that Hale did follow the practice of medicine for a livelihood, in part, at least.

It is believed, from the peculiar wording of the law, that receiving some compensation, which may contribute to his support, is a necessary averment in the indictment, and as such must be positively proved.

## J. R. LACKLAND, for the State.

There was no error of which the defendant can complain, in the ruling of the court upon the demurrer.

The first count in the indictment is good: State vs. Hereford, 13 Mo. 1; Simmons vs. State, 12 Mo.268.

No error is perceived in giving or refusing instructions. The instruction by the court, of its own motion, contains the same principle as set forth in the instruction asked by the defendant and refused by the court.

The court, in the latter clause of the instruction given, tells the jury, that "the State is not required to prove the actual receipt of such compensation."

The offence, as defined by the statute, is the following of the practice of medicine, in whole or in part, as a business, without having a license therefor. It cannot, therefore, be contended that the actual receipt of compensation is an ingredient in the offence above described.

It seems to us, that if a physician practice with the intent to charge, the offence is complete. Suppose a physician, renders medical services and takes a note for the same, due in twelve months, or makes the necessary entries on his books, intending to call upon his customers after the note is due, or after a reasonable time; will it be contended that the law, in such case, has not been violated, until he collects the money? If so, let him practice and take his notes or make his entries therefor, and not collect any money within one year, and the statute will be entirely evaded. Because of the rendering of the service as a¹ business is the inception of the offence, and the receipt of the compensation the completion thereof, and the latter not taking place within one year after the former, then all prosecutions in such cases, are barred by the statute of limitations.

A jury of eleven men is sufficient, if taken by consent: Cravens vs. Grant, 2 Monr. 117; Cravens vs. Grant, 4 Monr. 126

Although the statute, by which this offence was created, is repealed, it is no bar to this prosecution: R. S. 1845. page 688, sec. 15; State vs. Matthews, 14 Mo. 133.

## Ryland J., delivered the opinion of the court.

This was an indictment against the defendant for practicing medicine without license, in violation of the act "to sustain the credit of the State," passed 16th February 1847.

The indictment contained two counts. The defendant demurred to it. His demurrer to the second count was sustained, and to the first was overruled. He then pled not guilty. Upon the trial of this issue, the jury found him guilty and assessed his fine at fifty dollars, the penalty fixed by the act aforesaid.

Upon the trial, the defendant asked the court to instruct the jury "that unless they believed from the evidence, that the defendant received compensation for his services as a physician, they must find him not guilty. "The court refused this instruction, and instructed, "that unless the jury believe from the evidence, that the defendant practiced medicine for compensation and reward, then he is not guilty, but the State is not required th prove the actual receipt of such compensation."

The defendant excepted to the giving of this instruction, and also to the refusing to give the one asked for by him.

The ruling of the court below, in regard to these instructions, is the main point presented for the consideration of this court. "No person or co-partnership of persons shall follow the practice of law or medicine, in whole or in part as a business, in this State, without first obtaining license to follow such profession, according to the provisions of this act:" See 8th section of the act aforesaid.

The first count of the indictment charges, that the defendant did practice medicine in Washington county aforesaid, as a business, and avers, that he thus practiced by giving and prescribing physic and medicine to divers persons and families, naming them.

There was no proof that he received any compensation for his practice, and the failure of this proof is the principal ground of defence.

The instruction given by the court, requires the jury to believe from the evidence, before they are authorized to convict, "that the defendant did practice medicine for compensation and reward; but also informed them, that the State was not bound to prove the actual receipt of such reward or compensation." This is the proper exposition of the offence under the statute, and this brought before the jury the necessary acts to be done, before they could convict. The instruction given, then, was the proper one. There is no error in refusing the defendant's instruction, nor in giving the one above by the court.

There is nothing in the point, that the jury consisted of eleven jurors only; this was agreed to at the time, by the parties. The indictment seems to have been drawn without much attention, in a careless and hasty manner, but it is considered, nevertheless, to be substantially good.

The other judges concurring, the judgment below is affirmed.